UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
XIN HUANG,

                        *Plaintiff*,                        **MEMORANDUM**
                                                                  **AND ORDER**
        -against-                                            23-cv-05420 (JMW)

SUNSTONE PATHOLOGY SERVICES PC *et al.*,

                        *Defendants*.
------------------------------------------------------------X

**A P P E A R A N C E S:**

    Allegra Louise Fishel, Esq.
    **Gender Equality Law Center**
    157 13th Street
    Brooklyn, NY 11215
    *Attorney for Plaintiff*

    Elizabeth Saylor, Esq.
    **The Legal Aid Society, Employment Law Unit**
    49 Thomas Street, Ste 5th Floor
    New York, NY 10013
    *Attorney for Plaintiff*

    Sumani Vani Lanka, Esq.
    **The Legal Aid Society**
    199 Water Street, 3rd Floor
    New York, NY 10038
    *Attorney for Plaintiff*

    Eni Mihilli, Esq.
    **Schlam Stone & Dolan LLP**
    26 Broadway, 19th Floor
    New York, NY 10004
    *Attorney for Plaintiff*

    Peter Metis, Esq.
    **The Law Offices of Peter Metis, LLC**
    46 Trinity Place, Ste 5th Floor
    New York, NY 10006
    *Attorneys for Defendants Sunstone Pathology Services PC, Shawn Liu, and Jean Luo*

**WICKS,** Magistrate Judge:

Plaintiff Xin Huang ("Plaintiff") commenced this action on July 17, 2023 against Defendants Sunstone Pathology Services PC, Shawn Liu, and Jean Luo (collectively "Defendants") seeking damages in the form of unpaid minimum, promised, and overtime wages, liquidated damages, spread-of-hours pay, statutory damages, pre- and post-judgment interest, attorneys' fees, and other costs for various violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and the N.Y. Lab. Law ("NYLL") § 190 *et seq.* (ECF No. 1.) Shortly after the parties settled the case in principle through mediation (Docket Entry dated Apr. 17, 2024), they consented to the undersigned's jurisdiction for all purposes.  (ECF No. 18.)  Now before the Court is the parties' motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  (ECF Nos. 21 and 22.)  For the reasons stated herein, the motion (ECF Nos. 21-22) is **GRANTED**, and the proposed Settlement Agreement is therefore approved.

## BACKGROUND

Plaintiff, a 38-year-old woman from China, was employed by Defendants from July 18, 2020 through June 29, 2021 as a laboratory assistant and regularly worked over 40 hours per week up to seven days a week, but was "never paid…a single dollar for the work she performed." (ECF No. 1 ¶¶ 2-4, 8, 10, 39-41.)  This stood in stark contrast to Defendant Liu's statements that she would be paid $13.00 an hour and was eligible for a raise throughout her tenure. (*Id.* ¶¶ 23, 42-45.)  On July 17, 2023, Plaintiff filed a complaint against Defendants alleging they failed to provide her with: (1) her (a) minimum, (b) promised, and (c) overtime wages on a semi-monthly basis, (2) her spread-of-hours pay for an additional hour when she

2

worked in excess of 10 hours, (3) a notice and acknowledgement of her payrate and payday (4) as well as any wage statements in violation of the NYLL and FLSA.  (*Id.* at 7-14.)

On November 29, 2023, the Court held an Initial Conference with the parties (ECF No. 11) and set a discovery schedule (ECF No. 12).  A few months later, the parties advised the Court that they would like to be sent to the E.D.N.Y. mediation panel.  (ECF No. 14.)  The case ultimately settled in principle through mediation on April 17, 2024 and the parties subsequently consented to have the undersigned handle all further proceedings.  (ECF No. 18.)  The Court set a date for the parties to file their motion for settlement approval and they did.  (ECF No. 21.)  The undersigned performed a preliminary review of the settlement agreement's terms, found that the release clause was far too broad, and directed the parties to file a revised settlement agreement with a narrower release, which was filed on June 21, 2024.  (Electronic Order dated June 7, 2024; ECF No. 22.)

## DISCUSSION

### A. Applicable Standard

Federal Rule of Civil Procedure 41 provides, in relevant part, that:

Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer of a motion for summary judgment; or

> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit held that the FLSA is an "applicable federal statute" under Rule 41 because of "the unique policy considerations underlying" the act.  *Cheeks*, 796 F.3d at 206.  Such considerations

include the laudable aim of "'extend[ing] the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" *Id.* (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). The protections of the FLSA are strong, even "employees cannot waive the protections of the FLSA." *Perry v. City of New York*, No. 21-2095, 2023 WL 5490572, at *7 (2d Cir. Aug. 25, 2023).

Accordingly, in this Circuit, Rule 41's "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. "[I]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved" by the reviewing court. *Ceesae v. TT's Car Wash Corp.*, No. 17-CV-291 (ARR) (LB), 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018), *report and recommendation adopted*, 2018 WL 741369 (Feb. 7, 2018). In reviewing the reasonableness of any proposed settlement, courts consider the totality of the circumstances, including the following relevant factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

Factors specifically weighing against settlement approval include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id.* at 336 (internal quotation marks omitted).

Even if an application of the *Wolinsky* factors demonstrates that the agreement is fair and reasonable, courts must also consider whether the settlement "complies with the Second Circuit's admonitions as articulated in *Cheeks*[.]" *Ezpino v. CDL Underground Specialists, Inc.*, No, 14-CV-3173 (DRH) (SIL), 2017 WL 3037483, at *1 (E.D.N.Y. June 30, 2017), *report and recommendation adopted*, 2017 WL 3037406 (July 17, 2017). Specifically, courts should guard against "highly restrictive confidentiality provisions," and overbroad releases that "would waive practically any possible claim against the defendants, including unknown claim and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206.

### B. The Settlement Agreement

The Settlement Agreement totals $96,250.00 in monetary damages for Plaintiff. (ECF No. 21 at 2.) Defendants are to issue these monies to Plaintiff within thirty (30) days of the Court's decision on Plaintiff's attorneys' fee application. (*Id.*) Both parties mutually agree to release claims arising "from any action" that either party may have or may have had against the respective party "arising in any manner from [Plaintiff's] employment." (ECF No. 22-1 at 4.) Notably, the Settlement Agreement does *not* contain a Confidentiality Clause or Non-disparagement Clause. (*See generally* ECF No. 22-1.)

For the reasons set forth below, the Court finds that these terms are acceptable.

### C. The *Wolinsky* Factors

Having reviewed the parties' submissions, the Court finds that application of the *Wolinsky* factors weighs in favor of approval. *First*, Plaintiff alleges that she could have been entitled to upwards of "$157,0000, including lost base pay and overtime wages" but could potentially receive $0 to $65,000 were the case to go to trial. (ECF No. 21 at 3.) Plaintiff settled for $96,250.00, which is over 50% of her calculated damages.

5

*Second,* the settlement averts what could amount to considerable additional expenses and burdens in preparing their defenses and claims and pursuing further discovery. The costs of preparing and taking this case through trial would have dramatically increased the costs to date. The issue as to the number of hours worked by Plaintiff would likely have to be resolved by testimony at trial and it could take months or years to obtain an award. (ECF No. 21 at 3.)

*Third*, the parties recognize the significant litigation risks if they proceeded to trial. (ECF No. 21 at 2.) Plaintiff argues that Defendants failed to pay various types of wages throughout her employment. (ECF No. 1.) Defendants have denied and continue to deny these allegations and dispute the number of hours she worked. (ECF No. 21 at 2-3.) Although Defendants have not produced time records to rebut Plaintiff's claims (*id.* at 2), Plaintiff's counsel reviewed the potential weaknesses of her case including "her likely recovery at trial, the time-value of money, and the degree of risk associated with this litigation." (*Id.*) Settling now assuages the parties' concerns regarding uncertainties, burdens, and costs if the case were to proceed to trial.

*Fourth*, the settlement is a product of arms-length bargaining between the parties, as both parties have been represented by counsel with over 50 years of combined experience on both sides. (ECF No. 21 at 3-4.) *Fifth*, there is no indicia, nor is there even a suggestion to the Court, that the settlement is a product of fraud, coercion, or collusion. Indeed, the settlement arose only after extensive mediation discussions in April 2024 with the assistance of an E.D.N.Y. mediator. (*Id.* at 2-3.) The Settlement Agreement also contains a "Voluntary Agreement" clause which essentially states that Plaintiff has signed the agreement voluntarily, and was advised by counsel about its contents prior to execution. (ECF No. 22-1 at 6.) In sum, the parties have come to a reasonable settlement after arms-length negotiations which permits them avoiding the risks and burdens of litigating this dispute.

Moreover, the *Wolinsky* factors that weigh against settlement do not compel a rejection of the proposed settlement in this case. *First*, there is no indication in the record that there are similarly situated workers employed by Defendants, as Plaintiff pursued this action individually. *Second*, given the time and resources spent during the litigation process, it is likely that the Defendants will be deterred from violating the FLSA and NYLL in the future. It is also unlikely that Plaintiff's individual circumstances will reoccur given that she is no longer employed by Defendants. *Third*, the Court finds that the record is bereft of any history of non-compliance with the FLSA by the same employer or other employers in the same industry or geographic region, and the parties have not suggested otherwise.

*Fourth*, while the Court acknowledges that the desirability of a mature record that further develops labor law may exist in some cases, here, there is no special reason implicating that interest. Nonetheless, this factor alone does not compel denying a motion for approval of this settlement. While it is possible that further discovery could reveal more information as to a proper calculation of hours worked by Plaintiff, the parties have agreed not to venture down this path.

*Finally*, the proposed Settlement Agreement does not contain any of the problematic provisions that are identified in *Cheeks*. There is no confidentiality or non-disparagement provision (ECF No. 22-1). As to the release clause, the parties' original settlement agreement contained an "unacceptably overbroad general release" of claims by Plaintiff that were wholly unrelated to Plaintiff's NYLL and FLSA claims in this case. (Electronic Order dated June 7, 2024.) Putting its overbreadth aside, the Court found this "mutual release" clause was not mutual at all—rather the release of claims against Plaintiff was far narrower than the release of those against Defendants. (*Id.*) The parties re-filed their executed settlement agreement to

include a narrower mutual release, which now includes a clause stating that both parties have *mutually* agreed to release any claims against the other associated with Plaintiff's employment. (*Id.* at 4.)  The release is thus now reasonable.  *See e.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (finding that the overbroad release was permitted given that both parties were represented by counsel, they would avoid the risk of litigation *and that the releases of claims were "mutual, binding both Plaintiffs and Defendants"*) (emphasis added); *Sarit v. Westside Tomato, Inc.,* No. 18-CV-11524 (RA), 2021 U.S. Dist. LEXIS 94903, at *7 (S.D.N.Y. May 19, 2021) (finding the release provision appropriate because (1) it was "truly mutual" and (2) where, as here, "the employer and employee have ceased their employment relationship and the mutual release therefore operates as a walk away provision [that] permits each side to terminate their relationship entirely free from fear that the other will re-engage in the form of a lawsuit.") (quoting *Strauss v. Little Fish Corp.*, No. 19-CV-10158 (LJL), 2020 WL 4041511, at *5 (S.D.N.Y. July 17, 2020)); *see also Lopez v. Poko-St. Anns L.P.,* 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) ("Because this case is not a class action, at least one of the dangers posed by an overbroad release—that it would bind class members who had no bargaining power concerning the settlement terms—is not present here.").

### D. Attorneys' Fees

The parties have not agreed on the amount of attorneys' fees in this matter and request that the parties be permitted to file a fee application after the Court's approval of the settlement agreement.  (ECF No. 21 at 4.)  That request is granted.

## **CONCLUSION**

For the reasons stated herein, the motion for *Cheeks* approval (ECF Nos. 21 and 22) is hereby **GRANTED**. As to the attorneys' fees and costs, Plaintiff's attorneys shall serve their motion for attorneys' fees and costs on or before September 20, 2024; Defendants' attorney shall serve any opposition upon Plaintiffs' counsel on or before October 4, 2024, at which time Plaintiffs' counsel shall bundle file the motion on ECF. The application shall include contemporaneous attorney billing records, attorney credentials, and applicable case law supporting the fee request for the Court's assessment.

Dated: Central Islip, New York
August 26, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

9