```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
XIN HUANG,

                        Plaintiff,
                                                                        MEMORANDUM
                                                                        AND ORDER
            -against-
                                                                        2:23-cv-05420-JMW


SUNSTONE PATHOLOGY SERVICES P.C. et al.,

                        Defendants.
-------------------------------------------------------------------X
```

**A P P E A R A N C E S:**

    Allegra Louise Fishel, Esq.
    **Gender Equality Law Center**
    157 13th Street
    Brooklyn, NY 11215
    *Attorney for Plaintiff*

    Elizabeth Saylor, Esq.
    **The Legal Aid Society, Employment Law Unit**
    49 Thomas Street, 5th Floor
    New York, NY 10013
    *Attorney for Plaintiff*

    Eni Mihilli, Esq.
    **Schlam Stone & Dolan LLP**
    26 Broadway, 19th Floor
    New York, NY 10004
    *Attorney for Plaintiff*

    Sumani Vani Lanka, Esq.
    **The Legal Aid Society**
    199 Water Street, 3rd Floor
    New York, NY 10038
    *Attorney for Plaintiff*

Peter Metis, Esq.
**The Law Offices of Peter Metis, LLC**
46 Trinity Place, 5th Floor
New York, NY 10006
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

"A lawyer's time and advice are his stock in trade," as Abraham Lincoln observed. This latest motion is the coda to this case, which is Plaintiff's application for the recovery of attorneys' fees (ECF No. 27) following the Court's approval of the settlement of the underlying wage and hour claims (*see* ECF No. 25). The motion is opposed only to the extent that Defendants seek a reduction of the fee amount sought. (ECF No. 27-2.) For the reasons that follow, Plaintiff's motion for attorneys' fees is **GRANTED** in part and **DENIED** in part, with the total award of fees and expenses awarded being **$32,718.00**.

I. <u>BACKGROUND</u>

Plaintiff Xin Huang ("Plaintiff") commenced the underlying action on July 17, 2023 against Sunstone Pathology Services PC, and against Dr. Shawn Liu and Dr. Jean Luo in their individual capacities (collectively "Defendants"), asserting claims under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") for alleged wage and hour, overtime, and labor law violations. (*See generally* ECF No. 1.) Plaintiff brought this action alleging violations of the FLSA and NYLL for Defendants failure to pay minimum wages and overtime wages, failure to provide notice of wage rates, wage statement violations, and spread-of-hours and frequency-of-pay violations. (*See generally* ECF No. 1.) Plaintiff asserted causes of action against Defendants Sunstone, Dr. Shawn Liu and Dr. Jean Luo—the sole owners of Sunstone—in connection with Plaintiff's yearlong employment from July 2020 to June 2021. (*Id.*

2

at ¶¶ 12-13, 66.) Despite her one-year employment with Defendants, Plaintiff avers that she was not paid "a single dollar for the work she performed". (*Id.* at ¶ 4.)

Shortly after the parties appeared for an Initial Conference before the undersigned on November 29, 2023 (*see* ECF No. 11), the parties held settlement conference among themselves on January 25, 2024. (*See* ECF No. 14.) Though unsuccessful, the parties agreed to, and subsequently participated in, mediation before an EDNY mediator where the matter was eventually settled in principle for $96,250. (*See* Electronic Order dated February 13, 2024; *see also* Electronic Order dated April 17, 2024.)[1]  Once settled, the parties filed their Motion for Settlement Approval pursuant to *Cheeks v. Freeport Pancake House, Inc.* on June 6, 2024. (ECF No. 21.)[2] This Court subsequently granted the parties' motion for settlement approval under *Cheeks,* but deferred on ruling on the amount of attorneys' fees and costs, largely because the parties were unable to come to agreement on the fees. (*See* ECF No. 25; *see also* ECF No. 27 at p. 4.)  Rather, the Settlement Agreement contemplates that the Court would make that determination. (*See* ECF No. 21-1 at ¶ 6.)

Plaintiff's application seeks a total of $43,175.78 in attorneys' fees and $955.00 in costs (ECF No. 27 at p. 1.) These figures encapsulate the work performed by three distinct law firms representing Plaintiff—The Gender Equality Law Center ("GELC"), The Legal Aid Society ("LAS"), and Schlam Stone and Dolan LLP ("SSD") (collectively, "Plaintiff's Counsel"). From these firms, four lawyers, Allegra L. Fishel from GELC, Margaret Malloy and Sumani Lanka from LAS, and Eni Mihilli from SSD, and one paralegal, Barnett Zhao from LAS, recorded time

---

[1] The Court expresses appreciation to the dedicated efforts of Mediator Robin Gise.

[2] The parties consented to the undersigned for all purposes (*see* ECF No. 18).

3

attributable to work performed on the case. Defendants oppose the motion, but only as to the amount. (ECF No. 27-2.)

## II. LEGAL FRAMEWORK

A prevailing plaintiff in an action brought under both the FLSA and NYLL is entitled to an award of "reasonable" attorney's fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Lopez v. KI Moon Rest. Corp.*, No. 17-CV-6078 (LDH) (RLM), 2021 WL 681710, at *1 (E.D.N.Y. Jan. 28, 2021) (citation omitted). Here, Plaintiff is a "prevailing party" entitled to an award of fees and costs. In this Circuit, when considering an application for attorney's fees, courts are obligated to determine the presumptively reasonable fee. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 790 F. App'x 289, 292 (2d Cir. 2019); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008); *see also Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016) ("In an FLSA case, the Court must independently ascertain the reasonableness of the fee request.") (citation omitted).

This presumptively reasonable fee, that is, the lodestar, amounts to "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). Such an amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case" and "creates a presumptively reasonable fee". *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The prevailing party—here, Plaintiff—bears the ultimate burden of proof on the issue of the reasonableness of the fee, including the appropriateness of the rates charged and the necessity of the hours spent. *See Lopez,* 2021 WL 681710 at *2. Although the Court has broad and "considerable discretion" over a fee award, *see Arbor Hill*, 522 F.3d at 190, the Court must consider a variety of factors. These

factors include, the labor and skill required, the difficulty or complexity of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. *See Arbor Hill,* 522 F.3d at 184, 186 n.3, 190.

Once a determination is made on the reasonableness of the hourly rate, then that rate is applied to the number of hours reasonably expended by counsel in determining the award. *See id*. at 190. Indeed, the ultimate objective in awarding fees is "to do rough justice, not to achieve auditing perfection." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).

It is against this backdrop that the Court considers the application.

Here, Plaintiff seeks $43,175.78[3] in attorneys' fees. This number reflects a 10% reduction from $47,954.75,[4] "the full proposed lodestar" based on Plaintiff's Counsel's contemporaneous billing records (*see* ECF No. 27 at p. 13, Chart C) before it brought this motion and subsequently reduced its bills upon filing. (ECF No. 27 at pp. 6, 13.) Nonetheless, Defendants posit that such a request is "highly inflated and not commensurate with awards that have been granted in similar cases". (ECF No. 27-2 at p. 1.)

<u>Are Plaintiff's Counsel's Hourly Rates Reasonable?</u>

Here, Plaintiff's Counsel alleges that its hourly rates are reasonable, especially when considering most of the attorneys reduced their hourly rates to conform to reasonable rates in this District. (ECF No. 27 at p. 6.) For instance, Allegra Fishel "reduced [her] hourly rate [from $680] to $450 per hour, which [she] believe[s] to be in line with awards given to other attorneys

---

[3] With the 10% reduction applied, GELC requests $21,910, LAS requests $19,566.78, and SSD requests $1,710.

[4] Originally, GELC sought $24,345 (54.1 hours multiplied $450 an hour), LAS sought $21,729.75 (combined from three attorneys—Margaret Malloy billing 11.43 hours at $450 an hour, Sumani Lanka billing 39.65 hours at $350 an hour, and Barnett Zhao billing 21.67 hours at $125 an hour), and SSD originally sought $1900 (9.5 hours multiplied by $200 per hour).

with [her] level of experience". (ECF No. 28-1 at ¶ 22.) Moreover, Sumani Lanka, who ordinarily bills at $600 per hour, cut her rate for this matter to $350. (ECF Nos. 28-2; 28-3 at ¶ 42.) Lastly, Eni Mihilli, an associate who usually bills at $550 per hour, reduced her hourly rate to $200. (ECF No. 28-5 at ¶ 6.) In addition, Maragaret Malloy charges $450 per hour while Barnett Zhao charges $125 per hour. (ECF No. 27 at p. 8.)

Furthermore, Plaintiff's Counsel contends that all attorneys, and the sole paralegal, are sufficiently experienced to warrant their respective hourly rates. For example, Allegra Fishel is an attorney with 35 years' experience representing parties in wage and hour claims and who has litigated "thousands of cases" involving various forms of discrimination throughout her work as a named partner and counsel at several employment litigation firms. (ECF No. 27 at p. 9.) She now serves as Executive Director at GELC, which she founded in 2015. (*Id.*) From the LAS, Margaret Malloy, a former federal law clerk, has been a practicing trial attorney for labor and employment cases for 25 years. (*Id.*) Her employment spans from government work, like with the EEOC and LAS, to work at large employment and civil litigation firms. (*Id.*) Furthermore, Sumani Lanka is a litigator seasoned with 19 years of legal experience which includes substantial work with employment law, namely in wage and hour disputes. (*Id.* at pp. 9-10.) Also, Barnett Zhao, a paralegal who has been with SSD since 2023, has worked on several employment litigation cases. (*Id.* at p. 10.) Lastly, Eni Mihilli has been in practice for three years, largely in the employment litigation context, and was previously at Simpson Thacher & Bartlett before joining SSD. (*Id.*) Therefore, though Defendants do not challenge the reasonableness of the hourly rates submitted, the Court will still analyze whether the submitted rates are reasonable.

In determining whether an hourly rate is reasonable, a court will consider "the rate a paying client would be willing to pay, based on the 'prevailing [hourly rate] in the community . .

6

. where the district court sits." *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111 (CBA)(LB), 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (citation omitted) (internal quotations omitted). In assessing a reasonable hourly rate, the court takes into consideration the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant "'community' for purposes of this calculation is the district where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190.

Notably, courts must take into account the type of work involved and the nature of the representation. *Hall v. ProSource Technologies, LLC*, No. 14 CV 2502, 2016 WL 1555128, at *12 (E.D.N.Y. Apr. 11, 2016). Ordinarily, in FLSA cases, courts find "rates of $350-$450 per hour for partner time, $250-$300 per hour for associate time, and $125-$175 per hour for paralegal time . . . are reasonable and consistent with rates allowed in this district". *Guinea v. Garrido Food Corp.*, No. 19-CV-5860 (BMC), 2020 WL 136643, at *2 (E.D.N.Y. Jan. 11, 2020). Similarly, courts will recognize higher rates as reasonable when the attorneys are experienced and seasoned in the employment litigation context. *See, e.g., Panora v. Deenora Corp.*, No. 19-cv-7267 (BMC), 2021 WL 5712119, at *17 (E.D.N.Y. Dec. 2, 2021) (referencing cases where well-renowned attorneys in the FLSA context may charge as high as $450.00 per hour); *Shum v. JILI Inc.*, No. 17 Civ. 7600 (RPK) (VMS), 2023 WL 2632497, at *4 (E.D.N.Y. Mar. 23, 2023) (collecting cases demonstrating that FLSA attorneys possessing 25 years' experience may charge upwards of $400, meanwhile rates of $450 have consistently been "awarded to attorneys possessing several more years' experience . . . .").

Here, Allegra Fishel and Margaret Malloy's hourly rate of $450 is eminently reasonable considering their substantial wage and hour litigation experience. *See Rodriguez v. Mi Esquina*

*Deli Corp.*, No. 21 CV 760 (RML), 2023 WL 6442939, at *2 (E.D.N.Y. Oct. 3, 2023) (finding hourly rates of $450 for attorneys with significant litigation experience in FLSA and NYLL lawsuits were "in line with rates awarded in this district for attorneys of comparable experience and skill"); *see also Garay v. Euro Metalsmith*, No. 23-cv-03451 (ARR) (JMW), 2023 WL 8435866, at *6–7 (E.D.N.Y. Dec. 5, 2023) (determining $450 was a reasonable hourly rate for partner-level attorneys in FLSA cases in the Eastern District of New York); *see also Rodriguez v. Yayo Restaurant Corp.*, No. 18-CV-4310 (FB) (PK), 2019 WL 4482032, at *9 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted* 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019) (concluding an hourly rate of $450 was reasonable where the attorney possessed 36 years of experience in employment litigation).

Additionally, Sumani Lanka's rate of $350 is reasonable given her considerable work for almost twenty years in labor and employment disputes. *See Roytlender v. D. Malek Realty, LLC*, No. 21-CV-00052 (JMW), 2024 WL 2891749, at *5–6 (E.D.N.Y. June 10, 2024) (holding that a "seasoned litigator in employment law [who] has been practicing for nearly 20 years" could reasonably charge $350 per hour); *see also Cuevas v. Ruby Enterprises of New York Inc.*, No. 10-CV-5257, 2013 WL 3057715, at *2 (E.D.N.Y. June 17, 2013) (determining the FLSA attorneys with sixteen and eighteen years of experience litigating wage and hour disputes could reasonably charge $350 an hour).

Furthermore, Eni Mihilli, an associate with three years of experience in civil litigation and FLSA matters bills at $200 per hour, reasonable in light of experience. *See Guan v. Long Island Business Institute, Inc.*, No. 15 Civ. 2215, 2017 WL 11703881, at *3 (E.D.N.Y. Mar. 2, 2017) (noting an attorney with three years of experience relating to FLSA matters can reasonably charge $200 per hour); *see also Leo v. Province Therapeutics, LLC*, No. 23-cv-05418 (NJC)

8

(JMW), 2024 WL 2923574, at *2 (E.D.N.Y. May 24, 2024) (determining a rate of $200 was reasonable for "those with less experience" than partner-level attorneys). Lastly, Barnett Zhao's hourly rate of $125 is squarely within the range of reasonable fees for paralegals in FLSA cases. *See De Soto Soto v. Julio H. Baez Lolo Grocery Corp.*, No. 22 CV 700 (HG) (RML), 2022 WL 18859011, at *7 (E.D.N.Y. Dec. 14, 2022) (concluding $125 is an hourly rate "ordinarily awarded to paralegals and other support staff in FLSA cases"); *see also Ruiz v. MAP Foods Inc.*, No. 24-cv-02257 (JMW), 2024 WL 4350619, at *6 (E.D.N.Y. Sept. 30, 2024).

Accordingly, the hourly rates proffered are reasonable.

### *Are the Hours Expended Reasonable?*

After determining the appropriate hourly billing rate, the court must then calculate the hours reasonably expended. *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012). Ultimately, courts have considerable discretion in determining reasonable attorneys' fees in FLSA cases. *See Barfield v. N.Y. City Health & Hospital Corp.*, 537 F.3d 132, 151 (2d Cir. 2008) (noting, in the FLSA context, "[w]e afford a district court considerable discretion in determining what constitutes reasonable attorneys' fees in a given case . . . ."). In doing so, courts in this Circuit will analyze the contemporaneous time records submitted to decipher whether a reasonable attorney would have "engaged in similar time expenditures" at the time the work was performed. *Edwards v. Barclays Servs. Corp.*, No. 19 Civ. 9326 (GBD) (GWG), 2020 WL 603955, at *2 (S.D.N.Y. Oct. 13, 2020) (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

"If any expenditure of time was unreasonable, the court should exclude these hours from the calculation." *Santillan v. Henao*, 822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011). Additionally, "the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" *Brown v.*

9

*Green 317 Madison, LLC*, No. 11 CV 4466 (ENV), 2014 WL 1237448, at *10 (E.D.N.Y. Feb. 4, 2014) (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)); *see Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012) (noting that if the court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which compensation is awarded accordingly"). In these circumstances, "[w]here entries on a time sheet are vague, duplicative, or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an across-the-board reduction, or percentage cut, in the amount of hours." *John v. Demaio*, No. 15 CV 6094 (NGG) (CLP), 2016 WL 7469862, at *8 (E.D.N.Y. Sept. 29, 2016) (quotations omitted); *see also Ortiz v. City of New York*, 843 F. App'x 355, 360 (2d Cir. 2021) ("When there are problems with billing records . . . we have approved the use of percentage cuts as a practical means of trimming fat from a fee application." (quotations omitted)).

      Here, Plaintiff's Counsel avers that the 136.35 total hours expended in representing Plaintiff was reasonable and it litigated the present action "as efficiently as possible". (ECF No. 27 at p. 12.) Namely, at the outset, Plaintiff's Counsel notes that it spent time meeting with Plaintiff, drafting the Complaint, and calculating damages. (*Id.* at p. 3.) Following the lawsuit being filed, Plaintiff's Counsel appeared for in an Initial Conference before the undersigned, exchanged limited discovery, engaged in a settlement conference, and eventually prepared for, and participated in, a mediation. (ECF No. 27 at pp. 3-4.) Post-mediation, Plaintiff's Counsel not only revised and negotiated specific terms of the Settlement Agreement with Defendants, but also drafted the *Cheeks* motion itself. (ECF No. 27 at p. 4.)

      Additionally, Plaintiff's Counsel maintains that Allegra Fishel, Eni Nihilli, and Margatet Malloy reduced their submitted billable hours, thereby contending that their bills reflect a

10

number far less than the hours they actually worked. (*Id.* at p. 11.) Similarly, Plaintiff's Counsel asserts that two attorneys did not bill time at all, no time was billed for travel or translation fees, and no time records were kept for internal meetings with Plaintiff. (*Id.*) In addition, rather than overstaff the matter, Plaintiff's Counsel asserts that it formed a co-counsel structure whereby attorneys could "delegate tasks in a manner that maximized expertise while minimizing costs". (*Id.* at p. 12.) Therefore, as argued, Plaintiff's Counsel has not duplicated efforts as no two attorneys worked "substantively on any aspect of the case at any time". (*Id.*)

Defendants disagree, arguing that the hours billed are disproportionately high as this is a "straightforward wage and hour case[] with a quick resolution". (ECF No. 27-2 at p. 5.) Indeed, as Defendants assert, this lawsuit involves a single plaintiff, one corporate defendant with only two owners, and an employment period of only one year. (*Id.* at p. 2.) Therefore, Defendants maintain that documents, like the complaint, are "standard" and do not require much time to draft or review. (*Id.*) Additionally, Defendants filed no counterclaims in their Answer—one that is a "typical answer filed in FLSA cases". (*Id.*) Furthermore, Defendants aver that Plaintiff's Counsel's discovery production was very limited, comprising of 94 total pages including "11 punch cards, 7 screen shots of time records, [and] 76 pages of text messages and responses to the Court Ordered Interrogatories". (*Id.*) Similarly, Defendants' Initial Disclosure was only five pages, no depositions were taken, no motion practice ensued, and the sole court appearance before the undersigned was remote. (*Id.* at pp. 2-3.)

Moreover, Defendants contend that Plaintiff's Counsel seeks fees for "multiple attorneys performing similar and duplicative work based on vague time charges". (ECF No. 27-2 at p. 1.) Indeed, Defendants argue that this case presented "no novel issues," thus "nothing presented in this case [] could not have been handled by one attorney". (*Id.* at p. 7.) For instance, Defendants

assert that work of SSD—the third law firm added—should be completely discounted, noting its involvement was "unnecessary and completely duplicative," as its entries involved merely reviewing documents and conferring with co-counsel in conferences. (*Id.*) Additionally, Defendants point to duplicative efforts taken by two LAS attorneys along with Allegra Fishel to review the Complaint. (*See id.*) Accordingly, Defendants seek a significant reduction in the fees Plaintiff's Counsel seeks as the present case "simply does not merit the number of hours billed by plaintiff's counsel". (*Id.* at pp. 4, 8.)

Upon review of the contemporaneous billing records submitted, the hours that Plaintiff's Counsel expended do appear high for the tasks at hand. *First*, Plaintiff has four attorneys and three law firms representing her. Though this fact alone does not render the submitted fees unreasonable, Plaintiff's Counsel fails to demonstrate why three firms and four attorneys were necessary for this ordinary FLSA action. Indeed, the overwhelming majority of Plaintiff's Counsel's time submissions involve reviewing and drafting documents, communicating internally, and conferring with Plaintiff. (*See* ECF Nos. 28 at p. 2; 28-2 at pp. 2-3; 28-4 at p. 2.) Such work hardly demonstrates the need for varying degrees of expertise amongst the four attorneys which, if proven, would warrant a higher fee. *See Nike, Inc. v. Top Brand Co.*, No. 00 Civ. 8179 (KMW) (RLE), 2006 WL 2946472, at *7 (S.D.N.Y. Feb. 27, 2006) (cutting fees where there was no explanation as to why the case required five attorneys on the matter, specifically finding that "[m]ultiple attorneys are allowed to recover fees on a case if they show that the work reflects the distinct contributions of each lawyer").

*Second*, there appear on the face of the contemporaneous billing records submitted to be duplicative and redundant entries. For instance, the Complaint was edited by Sumani Lanka, who submitted six separate entries of revising, editing, and drafting the complaint (*see* ECF No. 28-2

12

at p. 3), Eni Mihilli, who billed for "marking up complaint" (*see* ECF No. 28-4 at p. 2), and Allegra Fishel, who "review[ed], edit[ed] and proofread final complaint". (*See* ECF No. 28 at p. 2). Similarly, the settlement agreement was either "review[ed] and revise[d]" or "review[ed] and edit[ed]" by all four attorneys. (*See* ECF Nos. 28 at p. 3; 28-2 at pp. 2-3; 28-4 at p. 5.) Such repetitive entries justify finding that these entries are duplicative and redundant, thereby warranting a reduction. *See Lopez v. 1923 Sneaker, Inc.*, No. 18-CV-3828 (WFK) (RER), 2021 WL 1845057, at *11–12 (E.D.N.Y. Mar. 5, 2021) (noting a 30% reduction of fees was warranted as the records demonstrated that "multiple employees billed for the same task," like reviewing emails and documents); *see also Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549 (DRH) (AKT), 2020 WL 5899881, at *12 (E.D.N.Y. Mar. 12, 2020) (finding redundant and duplicative time entries where attorneys "consistently billed for handling the same tasks," thereby warranting a "sizeable reduction of the hours billed"); *see also Reiter v. Maxi-Aids, Inc.*, No. 14 CV 3712 (SJF) (GRB), 2019 WL 1641306, at *5–6 (E.D.N.Y. Apr. 16, 2019) (concluding that because "[o]verstaffing of a case can lead to a reduction due to redundant or duplicative work performed," a reduction in the number of hours billed was warranted as a partner, senior associate, junior associate, and paralegal were simultaneously participating in every aspect of the case, including "review[ing] and/or edit[ing]" documents).

*Lastly*, Plaintiff's Counsel's requested fee is approximately 45% of the total settlement amount, a percentage far higher than what is ordinarily considered acceptable in this Circuit. *See Intal v. Erie Agustin, M.D. Primary Care, P.C.*, No. 18-CV-03196-SJ-JRC, 2022 WL 8902084, at *4 (E.D.N.Y. Jan. 27, 2022) ("Courts in this Circuit routinely approve attorneys' fees that represent one-third of the total settlement amount.") Nonetheless, courts may approve an attorneys' fee of more than one-third of the settlement amount where "unusual circumstances"

13

warrant a higher award. *See Sanchez v. IND Glatt, Inc.*, No. 16-CV-3446 (PK), 2018 WL 10468019, at *3 (E.D.N.Y. Jan. 4, 2018). Indeed, "unusual circumstances" may be found where novel issues of law are presented, discovery or motion practice exists and pertains to collective or class action certification, or the parties engage in dispositive motion practice. None of these factors are extant here. This is a relatively straightforward wage and hour litigation involving a single plaintiff, one corporate defendant with two individual owners. There was no motion practice, the barest of discovery exchanged, one virtual conference, one unsuccessful settlement conference among the parties, and a mediation. (*See* ECF No. 27 at pp. 7-8.) Such a "run-of-the-mill" FLSA case neither supports the number of hours expended, nor justifies a fee higher than one-third of the settlement total, and thus warrants a reduction in fees. *See Lopez v. Ploy Dee, Inc.*, No. 15-cv-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (reducing a 37% attorneys' fee award to one-third of the settlement amount in a simple FLSA case between a small number of parties, where little to no discovery or motion practice took place). Indeed, in situations like here, where the case does not present "unusual circumstances" warranting a fee higher than one-third the settlement amount, courts reduce an excessive fee to reflect the well-accepted standard of one-third of the settlement award. *See Ki Dong Jung v. Mal Soon Kim*, No. 13-cv-4020 (JS) (AYS), 2017 WL 11519060, at *2 (E.D.N.Y. Jan. 6, 2017) (reducing an attorneys' fee of 44% where, after reviewing the work and billing records submitted, the case did not present "extraordinary circumstances that would warrant approval of attorneys' fees exceeding one-third of the total settlement amount"); *see also Minter v. Hess Corp.*, No. 22-CV-1538 (VSB), 2024 WL 4604533, at *2 (S.D.N.Y. Oct. 28, 2024) (noting the record did not demonstrate that the work done justified a fee in excess of one-third the settlement amount,

14

thereby rejecting fees totaling 43% of the settlement award in the absence of "special circumstances").

For example, in *Flores v. Negrill Village, Inc.*, the court determined that a 40% fee was excessive given the simplicity of the FLSA litigation. No. 15-cv-2658 (AJN), 2016 WL 8969316, at *2 (S.D.N.Y. Apr. 25, 2016). There, the case was considered a "run-of-the-mill wage and hour action involving a single Plaintiff" against one corporate defendant. *Id.* at *1–2. Moreover, though discovery began, there was "no other motion practice" or any significant action taken between the pleadings stage and eventual settlement. *Id.* at *2. Indeed, nothing was presented to the court indicating that the case "entailed exceptionally complex or novel issues of fact, law or case management" which would ordinarily permit a fee award of over one third of the settlement amount. *Id.* As such, after noting that courts in the Second Circuit "regularly reduce awards exceeding that threshold to one third or lower of the total recovery," the court concluded that a "reasonable fee would be one third of the total settlement amount". *Id.*

Similarly, in *Fisher v. SD Protection Inc.*, the court determined that four attorneys and one paralegal unreasonably billed 164.9 hours. No. 17 Civ. 2229 (RMB), 2020 WL 1685918, at *8 (S.D.N.Y. Apr. 7, 2020). There, the "relatively uncomplicated overtime dispute" involved one plaintiff, "no significant motion practice," "little or no extensive discovery," and ended in a brief settlement. *Id.* at *9. As such, because the attorneys recorded more time than necessary for the "run of the mill" FLSA dispute, the court reduced the attorneys' fees to reflect roughly one-third of the settlement amount. *Id.* at *2, *9. Accordingly, Plaintiff's Counsel's attorneys' fees award should be reduced to reflect one-third of the settlement total.

15

Here, the total settlement amount is $96,250. Subtracting $952 (the costs awarded *infra*) from the settlement total equals $95,298. One-third of the settlement amount of $95,298 is $31,766, which is the appropriate and reasonable fee to be awarded under the circumstances.[5]

Turning to costs and disbursements, Plaintiff's Counsel seeks costs $955.00, comprising of $405.00 for the federal court filing fee plus $550.00 for retaining an EDNY mediator. (ECF No. 27 at p. 6.) Plaintiff's Counsel offers documentary proof for its sought-after costs. (ECF No. 28-6 at pp. 2-5; *see* ECF No. 1.) Defendants do not object to any of the costs sought. (ECF No. 27-2 at p. 1 n.1.)  These are reasonable out-of-pocket expenses that ought to be reimbursed. *See Li v. HLY Chinese Cuisine Inc.*, 596 F. Supp. 3d 439, 453 (E.D.N.Y. 2022); *see also Montenegro v. Laumont Photographics, Inc.*, No. 20 CV 4443 (DG) (CLP), 2022 WL 21795492, at *4 (E.D.N.Y. Apr. 14, 2022) ("[C]ourts often award costs that are 'incidental and necessary to [plaintiff's] representation' and the filing fee, cost of service, and mediation fees certainly qualify as necessary aspects of this litigation.") (citation omitted).  They are well within what are considered reasonable costs in this Circuit. *See Alvarez v. Delicias Tropical Restaurant Inc.*, No. 20 CV 3224 (LDH) (LB), 2021 WL 7185501, at *4 (E.D.N.Y. May 5, 2021) (concluding the $956 in costs, which comprised of a filing fee, a small service charge, and mediation costs, was reasonable, especially in light of plaintiff's counsel documented proof of such litigation costs); *see also Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015) (noting the filing fee of $400 was a reasonable cost in an FLSA case). As evidenced by the

---

[5] At this juncture, the Court need not determine how the fee total is to be divided amongst the lawyers and law firms. *See Meo v. Lane Bryant, Inc.*, No. CV 18-6360 (AKT), 2020 WL 4047897, at *3 (E.D.N.Y. July 17, 2020) (concluding that two law firms were collectively awarded $465,000 without consideration into how that number would be distributed amongst the individual attorneys); *see also Black v. Nunwood, Inc.*, No. 1:13-cv-7207-GHW, 2015 WL 1958917, at *5, *9 (S.D.N.Y. Apr. 30, 2015) (awarding, in an FLSA case, one amount of attorney's fees for two law firms without addressing how each firm would distribute the sum total to their respective attorneys).

16

docket, however, the filing fee was $402, rather than the requested $405. (*See* ECF No. 1); *see also Payamps v. M&M Convenience Deli & Grocery Corp.*, No. 16-CV-4895-LDH-SJB, 2019 WL 8381264, at *17 (E.D.N.Y. Dec. 9, 2019) (awarding costs for the filing fee based on the amount listed on the docket). In addition, Defendants failure to object to these proposed costs does not alter this Court's conclusion. *See Douglas v. Anthem Prods., LLC*, No. 18 Civ. 5789 (GWG), 2020 WL 2631496, at *6 (S.D.N.Y. May 6, 2020) (awarding costs where defendants made no specific objection to expenses that were ordinarily recoverable, like mediation fees and court filing expenses). Accordingly, $952 in costs is reasonable.

*Au fond,* the total of attorneys' fees and costs awarded is $32,718. *See Castillo v. La Tinfora Grocery Corp.*, No. 22 Civ. 9640 (PAE), 2023 WL 7413836, at *2 (S.D.N.Y. Oct. 3, 2023) (illustrating an identical line-by-line breakdown of attorneys' fees and costs based on initial settlement total).

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorneys' fees (ECF No. 27) is **GRANTED** in part and **DENIED** in part. The total amount of attorneys' fees awarded is $31,766, with an award of costs in the amount of $952.00, for a total award of **$32,718.** The Clerk of the Court is directed to close out the case.

Dated: Central Islip, New York
       November 27, 2024

                                    **S O   O R D E R E D:**

                                /s/ *James M. Wicks*
                                  JAMES M. WICKS
                              United States Magistrate Judge